[No. 14814. Department One. July 30, 1918.]

ALBERT W. BYRNES, *Administrator etc., Respondent,* v. LEE D. PAYNE, *Appellant,* R. C. JULIAN, *Defendant.*[1]

LIMITATION OF ACTIONS — TOLLING STATUTE — ACCEPTING DEED SUBJECT TO MORTGAGE. The acceptance of a deed reciting that it was subject to a certain mortgage, which was excepted from the warranty clause, is not such an acknowledgment of the mortgage as to toll the statute of limitations and prevent the bar of the statute for another period.

Appeal from a judgment of the superior court for Walla Walla county, Smith, J., entered December 7, 1917, upon findings in favor of the plaintiff, in an action to foreclose a mortgage, tried to the court. Reversed.

[1]Reported in 173 Pac. 1091.

*John H. Pedigo* and *Sharpstein, Smith & Sharpstein,* for appellant.

*Earl W. Benson,* for respondent.

MITCHELL, J.—On October 20, 1907, R. C. Julian gave Edward Byrnes his note for $300, due in one year. On November 7, 1907, Julian gave Byrnes a mortgage on the real property involved in this action to secure payment of the note. The mortgage was recorded January 6, 1908. There were, after the date of the mortgage, one or more conveyances, in regular line, of the real property, in each of which it was stated that the conveyance was subject to the mortgage to secure the payment of the $300 note due Byrnes. The last of such conveyances was made by William H. Kelly and wife to appellant, Lee D. Payne, on October 14, 1912. The clause containing covenants of defense and warranty in this last mentioned deed has the words, "except one certain note of three hundred dollars ($300) secured by mortgage and interest, payable to Edward Byrnes."

Edward Byrnes died, and Albert W. Byrnes was appointed administrator of his estate in 1916. Nothing was paid on the note other than $1 by Julian, on August 25, 1917. The administrator sued November 2, 1917, on the note and mortgage, making Payne a party defendant on account of the interest he held in the premises, which was alleged to be inferior to the mortgage. Payne appeared in the action and defended on the strength of the statute of limitations, which defense found no favor with the court, and a decree was entered that, among other things, subordinated and foreclosed all rights of Payne. Payne appeals.

There is a diversity of opinion among the courts concerning the one question involved. Some courts hold that a grantee who, prior to the bar of the mort-

gage debt, accepts title subject to the mortgage thereby makes such acknowledgment as will interrupt or toll the statute and keep the debt on foot for another statutory period. Such, however, is not the rule in this state. In the case of *Boyer v. Price*, 45 Wash. 667, 88 Pac. 1106, we said:

"The second objection, namely, that the exception in the warranty clause in the deed was so far an acknowledgment of the existence of the mortgage as to estop the respondent from claiming the benefit of the statute of limitations, is likewise not well taken. As was said in *Weed Sewing Machine Co. v. Emerson*, 115 Mass. 554: 'The exception of the mortgage from the covenant of warranty therein, does not estop the grantee to dispute the validity of the mortgage as against the holder thereof.'"

The judgment, so far as it affects the rights of appellant, is reversed with directions to the trial court to enter judgment in appellant's favor, decreeing the premises are his, free and clear of any lien on account of the mortgage.

MAIN, C. J., PARKER, TOLMAN, and FULLERTON, JJ., concur.