[No. 17885. Department Two. December 10, 1923.]

HEWITT RUBBER COMPANY, *Respondent*, v. GEORGE F. THOMPSON *et al.*, *Appellants*.[1]

PARTNERSHIP (71)—RETIREMENT OF PARTNERS—LIABILITY FOR DEBTS. A retiring partner is not relieved from liability on two trade acceptances given for tires, by an agreement to relieve the partnership from the first of three acceptances, in consideration of an acceptance to be executed by one of the partners, and providing that the tires on hand were to be returned and credited on the two remaining acceptances; and it is immaterial that the agreement recites that all matters "have been amicably adjusted."

SAME (71). The termination of a partnership does not relieve one of the partners from the past debts, except by the consent of the creditor.

Appeal from a judgment of the superior court for King county, Hall, J., entered October 18, 1922, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Shorett, McLaren & Shorett* and *Edward R. Taylor,* for appellants.

*McClure & McClure* and *Walter S. Osborn,* for respondent.

[1] Reported in 220 Pac. 767.

BRIDGES, J.—The respondent is a manufacturer of automobile tires. The appellant George F. Thompson and one W. L. Foard were copartners, doing business under the firm name of Tomford Tire Company; the appellant George F. Thompson & Co. is a corporation largely controlled by the appellant Thompson. In 1919, the respondent and the Tomford Tire Company entered into a written agreement, by the terms of which the latter was to purchase, and be the distributing agent within the city of Seattle and other territory of, respondent's tires. By March 24, 1920, the tire company had become indebted to the respondent in the sum of $31,485.35. This indebtedness was evidenced by three trade acceptances, drawn by the respondent and accepted as follows: "Tomford Tire Company, by W. L. Foard; George F. Thompson & Co. by George F. Thompson;" each trade acceptance being for $10,495.12; one falling due May 15, 1920, one June 10, 1920, and the third July 10, 1920.

By May 27, 1920, the business affairs of the Tomford Tire Company had gotten into a somewhat unsatisfactory condition. At that time, there was a conference between the respondent's representative and the members of the co-partnership, looking toward an adjustment of the financial affairs and business of the co-partnership. The trial court found—and we think correctly—that, at this conference, it was agreed that the co-partnership and the appellants owed the respondent the total sum of the three trade acceptances mentioned, and that the co-partnership, as an active business, should cease, and that Mr. Foard should give his individual trade acceptances to take up the first of the above mentioned partnership acceptances, thus relieving the partnership and appellants therefrom; and that there were on hand, belonging to the

partnership, tires of the net value of approximately $22,000; and that they should be turned over to the respondent and the net value thereof should be credited to the partnership on the two remaining trade acceptances evidencing its indebtedness to the respondent. At that time, it was understood that the net value of the tires to be turned over was approximately the amount evidenced by those two acceptances. It was further agreed that a written contract should be entered into evidencing the terms of the oral agreement.

On May 27, such a written contract was drawn up by the respondent's representative, and by him taken to the office of Mr. Thompson for his signature, but the latter was not in his office and his signature was not obtained. At that time, Mr. Thompson's name was written in the contract along with that of Mr. Foard, as forming the co-partnership of Tomford Tire Company. Being unable to obtain Mr. Thompson's signature at that time, respondent's representative (being required to leave Seattle that day) took the proposed contract to Mr. Foard, who stated that his active partnership with Mr. Thompson was terminated and that Mr. Thompson's name should be stricken from the contract as written, which was done and it was then signed by respondent and by the Tomford Tire Company, by Mr. Foard. The written contract was in substance the oral agreement that had previously been made. Neither of the appellants ever signed the written contract.

There was a delay under the terms of the contract in turning the tires over to the respondent because of a lien on them, held by a certain bank in Seattle for $4,-696.39. Respondent was unable to get possession of the tires until this lien was discharged. In this manner it was required to, and did, pay the bank the amount due it and the lien was discharged. Mean-

while the Tomford Tire Company, acting through Mr. Foard, had, without the knowledge or consent of the respondent, disposed of a large number of the tires on hand, so that, when the remainder was turned over to the respondent, its total net value was only $16,-297.16. After deducting from that sum the amount paid to the bank, there was left $11,600.77 to be credited on the two trade acceptances which had been executed by the co-partnership and Thompson & Company.

Suit was brought for the full amount of the two trade acceptances in the sum of $20,990.24, together with interest thereupon. The case was tried to the court without a jury, and judgment was given for the amount of the two trade acceptances, less $11,600.77, which represented the net value of the tires turned over to the respondent. This judgment ran against the Tomford Tire Company, George F. Thompson Company and George F. Thompson; and the latter two have appealed.

The appellants here contend that the contract of May 27 between the respondent and the Tomford Tire Company had the effect of releasing them from their liability on their trade acceptances. We cannot come to this conclusion. Before that contract was made, each of the appellants was personally liable on the trade acceptances in question. Mr. Thompson was liable as one of the co-partners of the Tomford Tire Company, which executed the acceptances, and the appellant Thompson & Company was liable because it had executed the acceptances. There was nothing in the oral agreement made prior to the written contract which would relieve appellants of their liability, nor is there anything in the written contract which would have that effect. The substance of that instrument was merely that the Tomford Tire Company and the appel-

lants were liable on each of the three trade acceptances and they were to be relieved of the first acceptance by acceptances to be executed by Mr. Foard; and the respondent was to take all tires then on hand, giving credit therefor on the other two acceptances. If, as was supposed by all of the parties at the time, the net value of the tires to be turned over should equal the amount of the two trade acceptances, then, of course, they would be discharged; otherwise they would be discharged only in the amount of the net value of the tires when turned over.

Appellants, however, call attention to one clause of the written contract which reads as follows:

"Whereas, the said party of the second part (Tomford Tire Company) has become and is indebted to the party of the first part in a large sum of money and the account has been adjusted by and between the parties hereto and all moneys and things in dispute have been amicably adjusted;"

and contend that this must be construed as relieving the appellants from all liability and as an agreement upon the part of the respondent to look only to Mr. Foard and the Tomford Tire Company. But this clause of the contract, when read in the light of the oral agreement and the remainder of the contract, will not bear the interpretation placed upon it by the appellants. A fair interpretation of that clause is that the matters had been "adjusted," not by a novation or by relieving the appellants from liability and looking to some one else for the indebtedness, but in the manner laid down by the contract. This contract was not inconsistent with the idea of the continuing liability of the appellants, nor did it pretend to relieve them.

Appellants also contend that, in the oral agreement, it was understood that respondent would take the tires

on hand in full discharge of all the indebtedness of the Tomford Tire Company. There is some dispute in the testimony with respect to this, but the trial court found that the oral agreement was that the trade acceptances should be credited in the net amount of the tires returned, and not in full discharge of those acceptances. A reading of the testimony does not convince us that we should disagree with that court's conclusions in this regard.

Appellants also contend that, at the time the written contract was made: towit, May 27, 1920, there were on hand sufficient tires to discharge all of the indebtedness in question, and inasmuch as the partnership was terminated at that time, appellants should not be held liable for such tires as the partnership, through Mr. Foard, sold and disposed of after the termination of the partnership. The fault we find with this argument is that, while the partnership may have been terminated as an active participant in the business, yet it was not terminated as to business already transacted and as to indebtedness already contracted. One partner may not relieve himself of liability for past debts of the partnership merely by terminating the partnership. This can be done only by and with the consent of the creditor. As stated by the trial court, after the dissolution of the partnership, it was as much the duty of the appellants to see that the tires then on hand were all turned over to the respondent as it was the duty of Mr. Foard so to do. The mere fact, that, at the time the agreement was made, there were tires on hand sufficient to discharge the partnership indebtedness, could not relieve the appellants unless they saw to it that all of those tires were at once turned over to the respondent.

When the somewhat complicated facts are boiled down, they amount to this: that, at the time these con-

tracts were made, the appellants were liable on their trade acceptances.    They could not get rid of that liability except by the consent of the respondent.    We are unable to find anything either in the oral or written contract which would tend to indicate that respondent intended to, or ever did, release the appellants.

We think the judgment of the trial court was right, and it is affirmed.

MAIN, C. J., MITCHELL, FULLERTON, and PEMBERTON, JJ., concur.