[No. 20592.   Department One.   July 8, 1927.]

FRANCES ZIONCHECK, *Respondent*, v. JAMES HEPDEN et al., *Appellants*.[1]

[1] FRAUDS, STATUTE OF (4)—CONTRACTS (80)—PARTIES—PRIVITY—PROMISE TO PAY DEBT OF ANOTHER.   Where the purchaser of the assets of a corporation, as part of the consideration, agrees to pay certain creditors of the firm, such creditors may maintain actions on the contract in their own name.

[2] PAYMENT (24-1)—PLEADING—BURDEN OF PROOF.   A defendant, pleading payment as an affirmative defense, has the burden of proof.

[3] TRIAL (101)—INSTRUCTIONS ALREADY GIVEN.   It is not error to refuse requested instructions covered in the general charge.

Appeal from a judgment of the superior court for King county, Douglas, J., entered December 20, 1926, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract.   Affirmed.

*Peters & Powell* and *Robert W. Reid,* for appellants.
*Wm. G. Beardslee* and *M. H. Cooperman,* for respondent.

MAIN, J.—By this action the plaintiff seeks to recover upon a promise made for her benefit, but not to her.   The cause was tried to the court and a jury and resulted in a verdict against the defendants James Hepden and Charles I. Neff in the sum of $1,505.35. Motion for judgment notwithstanding the verdict and in the alternative for a new trial was interposed and overruled.   Judgment was entered upon the verdict from which Hepden and Neff appeal.

The preliminary facts may be summarized as follows:   A partnership composed of P. B. Groshong, William J. Nadeau and C. J. Kneeland, the latter being a silent partner, operated the Central Cafe in

¹Reported in 257 Pac. 835.

Seattle. The respondent advanced money to the part-
nership, for which on July 24, 1923, she received a
note signed by Groshong and Nadeau in the amount
of $1,375. On August 13, 1924, the note not being then
paid and the partnership, being in financial difficulties,
made an assignment for the benefit of creditors to the
Seattle Merchants' Association, and that association
sold the assets to the appellants. In this transaction,
the appellants agreed in writing to pay the outstand-
ing charges against the partnership, with certain ex-
ceptions. As shown by the evidence offered by the re-
spondent, her claim, represented by the balance due
upon the promissory note, was included in those which
the appellants promised and agreed to pay. It was
upon this promise that the action was based.

[1] Much of the argument of the appellants pro-
ceeds upon the assumption that the action was upon
the promissory note. The second amended complaint,
upon which the cause was tried, makes it plain that
recovery was sought upon the promise made to the
Seattle Merchants' Association at the time the ap-
pellants purchased the assets, and not upon the prom-
issory note. The evidence offered by the respondent
supports the same theory. The rule in this state is
that, where one person for a valuable consideration
makes a promise to another to pay the debt of that
other to a third person, such third person may main-
tain an action in his own name upon the promise and
against the promisor alone. *Hart v. Bogle,* 88 Wash.
125, 152 Pac. 1010; *Union Machinery & Supply Co. v.
Darnell,* 89 Wash. 226, 154 Pac. 183. In the present
case, the appellants purchased the assets of the part-
nership as stated and, in part as a consideration for
such assets, promised to pay the note which the part-
nership owed the respondent. Since the action was
upon the promise and not upon the note, it is unneces-

sary to review the argument and authorities of the appellants relative to the law if the action were upon the promissory note.

[2] In their answer to the second amended complaint, the appellants pleaded an affirmative defense that the note had been paid. In submitting the matter to the jury, the trial court instructed that the burden was on the appellants to prove this affirmative defense. Error is assigned as to the giving of this instruction, but the instruction was proper. That the burden is upon the party claiming payment in such a case is well settled, and there is nothing in the facts in this case which would take it out of the general rule. The case of *Bartels v. McCullough*, 102 Ore. 66, 201 Pac. 733, cited upon this question, is upon a different state of facts and, even though it be assumed that the rule there stated is the correct one it would not apply to the case now before us.

[3] The appellants also complain because the trial court did not give two instructions requested by them. The subject-matter of both of these requests was covered in the instructions given and this was sufficient. Even though the requested instructions embodied a correct statement of the law, the court was not required to give them in that form.

The judgment will be affirmed.

MACKINTOSH, C. J., MITCHELL, FULLERTON, and FRENCH, JJ., concur.