[No. 102-41100-3.   Division Three.   August 17, 1970.]

B-OK, Inc., *Appellant*, v. William E. Storey *et al., Respondents.*

*Thomas B. Gess,* for appellant.

*Casey & Pruzan* and *Martin Godsill,* for respondents.

Evans, C. J.—This is an appeal from an order of dismissal entered at the conclusion of plaintiff's case. Plaintiff's only assignment of error is that "the trial court erred in entering judgment of dismissal against William E. Storey." Plaintiff does not assign error to the findings of fact entered by the trial court. They are, therefore, verities. Since they accurately state the factual background of this case they are set forth below:

I

For several years prior to April 30, 1962, defendants were partners in the petroleum products business at CleElum, doing business as Storey Distributing Company. On April 30, 1962, the defendants dissolved their partnership. At the time of dissolution of the partnership,

defendants' account with plaintiff had a balance of $3,515.80.

## II

On December 27, 1963, plaintiff obtained a judgment against defendant Earl Storey, in Cause No. 15849, in the above entitled Court for $3,735.47. Defendant William E. Storey was not a named defendant in Cause No. 15849. The judgment in Cause No. 15849 was based upon the identical account involved in this action.

## III

Plaintiff and defendants had a debtor-creditor relationship regarding this account which was based upon the sale of petroleum products by plaintiff to defendants. Defendants incurred this debt while they were partners. Defendants liability towards plaintiff in no way involved a breach of trust or a tortious situation.

## IV

The dissolution of the partnership by the defendants on April 30, 1962, in no way involved any fraudulent transactions between them effecting their creditors. It was a bona fide dissolution and division of assets, without any evidence of fraud on their creditors.

## V

There was no prayer for relief against defendant Earl Storey and his wife in the Amended Complaint herein.

## VI

After April 30, 1962, defendant Earl Storey continued doing business selling petroleum products in CleElum, at the same location as before, without any visible alteration of the premises, under the assumed name of Storey Distributing Company, for approximately three years.

Plaintiff concedes that he is charged with notice of the partnership dissolution and that Earl M. Storey was continuing to do business as the Storey Distributing Company, as the "only person conducting or intending to conduct said business or having interest therein." The court entered the following conclusions of law:

## I

Defendants, as partners, were jointly indebted to plaintiff on the account sued upon in this action, and not jointly and severally liable.

## II

The judgment obtained by plaintiff against Earl Storey in Cause No. 15849, in the above entitled Court, merged the plaintiff's claim against William E. Storey. Said judgment is a bar to this action.

## III

This action should be dismissed with prejudice against William E. Storey and his wife, and without prejudice against Earl Storey and his wife.

The conclusion by the trial court that defendant William E. Storey should be dismissed is based on RCW 25.04.150, providing:

> Nature of partner's liability. All partners are liable:
>
> (1) Jointly and severally for everything chargeable to the partnership under RCW 25.04.130 and 25.04.140.
>
> (2) Jointly for all other debts and obligations of the partnership; but any partner may enter into a separate obligation to perform a partnership contract.

and *Warren v. Rickles*, 129 Wash. 443, 225 P. 422 (1924), holding that:

> It is a very generally accepted rule of law that, where an obligation is joint and not joint and several, a judgment rendered on such obligation against one or more, but less than the whole number of obligors, is a bar to any action on the same claim against the obligors not parties to the judgment, because the claim is merged in the judgment and is extinguished thereby.

RCW 25.04.130 relates to tortious conduct, and RCW 25.04.140 relates to breach of trust. Since findings of fact No. 3 and 4 above, to which no error is assigned, state that the transaction sued upon did not involve a breach of trust or tortious conduct, the provisions of these statutes need not be considered.

There is no claim that the alleged liability did not arise out of a partnership obligation. Plaintiff, however,

contends that the provisions of RCW 25.04.150 and the holding in *Warren v. Rickles, supra,* do not apply after a partnership is dissolved. We disagree. RCW 25.04.360 provides:

Effect of dissolution on partner's existing liability. (1) *The dissolution of the partnership does not of itself discharge the existing liability of any partner.*

(2) A partner is discharged from any existing liability upon dissolution of the partnership by an agreement to that effect between himself, the partnership creditor and the person or partnership continuing the business; and such agreement may be inferred from the course of dealing between the creditor having knowledge of the dissolution and the person or partnership continuing the business.

(3) Where a person agrees to assume the existing obligations of a dissolved partnership, the partners whose obligations have been assumed shall be discharged from any liability to any creditor of the partnership who, knowing of the agreement, consents to a material alteration in the nature or time of payment of such obligations.

(4) The individual property of a deceased partner shall be liable for all obligations of the partnership incurred while he was a partner but subject to the prior payment of his separate debts.

(Italics ours.) This statute, taken from the Uniform Partnership Act § 36, is consistent with prior Washington cases holding that the retiring partner remains liable to creditors of the partnership for all existing debts of the partnership to the same extent as if he had not retired. In other words, while creditors of a partnership existing at the time of the withdrawal of the retiring partner may, by their own voluntary agreement, look to the remaining active partner for payment of their debts, they are not required to do so. 40 Am. Jur. *Partnerships* § 201; *Hewitt Rubber Co. v. Thompson,* 127 Wash. 363, 220 P. 767 (1923); *Goerig v. Continental Cas. Co.,* 167 F.2d 930 (9th Cir. 1948); *Frye & Bruhn v. Phillips,* 46 Wash. 190, 89 P. 559, 93 P. 668 (1907).

Plaintiff seeks to avoid the rule announced in *Warren v. Rickles, supra,* by claiming the relationship of plaintiff after dissolution was that of a third party beneficiary, or that of a creditor under a contract of suretyship. However, while partners can agree to alter their respective liabilities in terms of existing partnership creditors, and create these relationships (see 81 A.L.R. 1305, 1 Restatement of Security § 83 (d)), liability between the partners and the partnership creditors remains joint, absent agreement with or consent of creditors.

We hold the trial court correctly concluded that after dissolution the liability of the retiring partner William Storey to plaintiff remained a joint liability, and that plaintiff's claim against him was merged in the prior judgment taken against the continuing partner, Earl Storey. The trial court, therefore, did not err in dismissing William Storey.

The judgment is affirmed.

GREEN and MUNSON, JJ., concur.

Petition for rehearing denied September 28, 1970.

Review granted by Supreme Court November 25, 1970.