[No. 41734.    En Banc.    June 10, 1971.]

B-OK, INC., *Petitioner*, v. WILLIAM E. STOREY *et al., Respondents*.

*Thomas B. Gess,* for petitioner.

*Casey & Pruzan,* by *Martin Godsil,* for respondents.

NEILL, J.—This appeal puts in issue the nature of a partnership creditor's rights under a partnership dissolution agreement wherein the remaining partner assumes the partnership debts.

Prior to April 30, 1962, Earl Storey and William E. Storey were partners carrying on a petroleum products distribution business under the trade name of "Storey Distributing Company." The partnership became indebted to plaintiff in the amount of $3,515.80. On April 30, 1962, the partners executed a partnership dissolution agreement, by terms of which Earl Storey agreed to "discharge all obligations and liabilities of said co-partnership and perform all its unexecuted contracts." Earl Storey continued to operate the business as a sole proprietorship under the same name.

In October, 1963, plaintiff commenced an action against Earl Storey for indebtedness including the balance of the partnership account. William E. Storey, the former partner, was not named as defendant. Judgment by default was entered for plaintiff in the full amount claimed. Being unable to realize upon that judgment, plaintiff brought the

present action against William E. Storey and Earl Storey. An amended complaint in this action sought relief only against William E. Storey.

At the close of plaintiff's case, the trial court entered a judgment dismissing the action. The dismissal was based upon the initial character of the obligation as "joint" under RCW 25.04.150,[1] and upon our holding in *Warren v. Rickles*, 129 Wash. 443, 446, 225 P. 422 (1924):

> It is a very generally accepted rule of law that, where an obligation is joint and not joint and several, a judgment rendered on such obligation against one or more, but less than the whole number of obligors, is a bar to any action on the same claim against the obligors not parties to the judgment, because the claim is merged in the judgment and is extinguished thereby.

The Court of Appeals affirmed. 3 Wn. App. 226, 473 P.2d 426 (1970). We granted review. 78 Wn.2d 992, (1970).

It has long been established that a partnership dissolution agreement whereby one or more remaining partners assumes the partnership debts creates a principal-surety relationship between the remaining partners and the withdrawing partners, with the assuming partner as principal and the withdrawing partner as surety, and that this relationship is binding upon creditors of the former partnership who have knowledge of the assumption agreement. *Moon Bros. Carriage Co. v. Devenish*, 42 Wash. 415, 85 P. 17 (1906); RCW 25.04.360(2), (3).[2] Agreement or consent

---

[1]RCW 25.04.150: "All partners are liable:

"(1) Jointly and severally for everything chargeable to the partnership under RCW 25.04.130 and 25.04.140.

"(2) Jointly for all other debts and obligations of the partnership; but any partner may enter into a separate obligation to perform a partnership contract."

[2]RCW 25.04.360: "(1) The dissolution of the partnership does not of itself discharge the existing liability of any partner.

"(2) A partner is discharged from any existing liability upon dissolution of the partnership by an agreement to that effect between himself, the partnership creditor and the person or partnership continuing the business; and such agreement may be inferred from the

by the creditors is not necessary to the binding effect of this relationship; knowledge is the criterion. *See* 1 Rowley on Partnership § 36.3 at 658-9 (2d ed. 1960).

The question raised by this case is whether a creditor is foreclosed from the benefits to him of this relationship absent a showing that he is subject to the incidents thereof. It is in the resolution of this question that, in our view, the trial court and the Court of Appeals have mistaken the law. The flaw in those resolutions is in the application of rules established for the protection of partnership creditors in such a way as to preclude exercise by the creditors of rights available under the assumption agreement of the former partners. The statute (RCW 25.04.360) serves only to limit the situations in which a partnership creditor will be *obligated* to observe the new position of the withdrawing partner as a surety. It does not thereby foreclose the creditor from exercising his rights as created by the assumption agreement.

RCW 25.04.050 provides: "In any case not provided for in this chapter the rules of law and equity, including the law merchant, shall govern."

In *Moon Bros. Carriage Co. v. Devenish, supra,* at 418, we recognized the general rule that "[W]hen a partner retires and the remaining partner assumes the firm debts, then the relation of principal and surety arises between them, the retiring partner sustaining the relation of surety to the remaining one." While RCW 25.04.360 deals with the restrictions on partnership creditors having knowledge of such an arrangement, it does not address itself to the effect

---

course of dealing between the creditor having knowledge of the dissolution and the person or partnership continuing the business.

"(3) Where a person agrees to assume the existing obligations of a dissolved partnership, the partners whose obligations have been assumed shall be discharged from any liability to any creditor of the partnership who, knowing of the agreement, consents to a material alteration in the nature or time of payment of such obligations.

"(4) The individual property of a deceased partner shall be liable for all obligations of the partnership incurred while he was a partner but subject to the prior payment of his separate debts."

of an assumption agreement upon the creditors' *rights*. The rule as to these rights is succinctly stated in *Contract—Enforcement by Person Benefited,* Annot., 81 A.L.R. 1271 (1932), at 1305:

> The great weight of authority is to the effect that an assumption of the debts of a partnership upon dissolution is a promise made for the benefit of the creditor, which he may enforce in his own right.

*Accord, see Boise Cascade Corp. v. Pence,* 64 Wn.2d 798, 394 P.2d 359 (1964); *Zioncheck v. Hepden,* 144 Wash. 272, 257 P. 835 (1927); *Johnson v. Shuey,* 40 Wash. 22, 82 P. 123 (1905); 2 Jaeger, Williston on Contracts §§ 356, 361, 381 (3d ed. 1959); 4 Corbin on Contracts § 810 (1951).

Thus, when a partnership is dissolved and the remaining partner agrees to assume the partnership debts, the promise contained in that agreement creates a new enforceable right on the part of the creditor. He may elect to enforce this right through his status as creditor beneficiary under the assumption agreement, proceeding against the former partners in their respective capacity as principal and surety. The creditor's knowledge of the assumption agreement, while necessary under RCW 25.04.360 to his being bound by the principal-surety relationship between the former partners, is not essential to his right to exercise his rights under that relationship.

Here, plaintiff first proceeded against the principal (promisor) under the assumption agreement. Unable to obtain satisfaction from the principal, he has brought this action against the surety (promisee). This, under basic rules of suretyship, he was entitled to do. *See Pasco v. Pacific Coast Cas. Co.,* 101 Wash. 496, 172 P. 566 (1918); L. Simpson, Handbook on the Law of Suretyship § 51 (Hornbook Series 1950); 72 C.J.S. *Principal and Surety* § 242 (1951). The character of the original obligation of the partners (joint) does not deprive the creditor of his right to recognize the new principal-surety relationship expressly created by the assumption portion of the dissolution agreement.

Reversed and remanded for further proceedings in accordance herewith.

HAMILTON, C.J., FINLEY, ROSELLINI, HUNTER, HALE, STAFFORD, and WRIGHT, JJ., and RYAN, J. Pro Tem., concur.

Petition for rehearing denied August 20, 1971.