TROY T. BURNHAM, ET AL, *Appellants,* v. STANTON L.
BURNHAM, ET AL, *Respondents.*

2

*Frank W. Payne* (of *Payne & Verzani*), for appellants.

*John S. Lynch* (of *Lynch & Lynch*), for respondents.

REED, J.—The sole issue on appeal is whether a divorce decree's award to a wife of certain real property "together with the residence situated thereon as well as any obligation owing against said property" constitutes an "acknowledgment" or creates a new promise to pay, thus removing the bar of the statute of limitations to enforcement of the original promise. We hold the language creates neither an acknowledgment nor a sufficient promise to pay and affirm the trial court's order dismissing plaintiffs' action.

On August 15, 1968, Stanton Burnham and his wife, Norma, executed a demand promissory note and mortgage to Troy Burnham and his wife, Gladys. On July 31, 1973, Stanton and Norma were divorced and the decree entered in that proceeding awarded the mortgaged property to Norma, utilizing the language above quoted. No payments were made on the original debt, and Troy and Gladys brought suit on December 18, 1975. The trial court sustained a challenge based upon the statute of limitations and dismissed the action; hence this appeal.

■■ In order to constitute an "acknowledgment" sufficient to remove the bar of the statute of limitations, there must be an express and clear admission of the debt; the acknowledgment must be absolute, unqualified and unconditional. 54 C.J.S. *Limitations of Actions* § 308 (1948). It has been said that the acknowledgment must be so clear that a promise to pay must necessarily be implied therein. *Addison v. Stafford*, 183 Wash. 313, 48 P.2d 202 (1935). In the instant case the language of the decree makes no mention of a specific or identifiable debt such as the plaintiffs' note, but is general, referring to "any obligation owing

against said property." Such broad language is not suffi-
cient from which to necessarily imply a promise on Norma's
part to pay plaintiffs' note. *Addison v. Stafford, supra.*

In *Byrnes v. Payne,* 103 Wash. 260, 173 P. 1091 (1918), it
was held that acceptance of a deed to property subject to
an outstanding mortgage, the mortgage having been specif-
ically excepted from the deed's warranties, was not such an
acknowledgment as to interrupt or toll the running of the
statute of limitations. To the same effect *see Boyer v. Price,*
45 Wash. 667, 88 P. 1106 (1907).

Plaintiffs argue that *Zioncheck v. Hepden,* 144 Wash.
272, 257 P. 835 (1927), and *B–OK, Inc. v. Storey,* 79 Wn.2d
387, 485 P.2d 987 (1971) support their claim that the
decretal language constitutes a subsequent separate prom-
ise to pay an existing debt, and creates a new obligation
which is not "outlawed" by the statute and which is
enforceable by plaintiffs as third–party beneficiaries. Nei-
ther *Hepden* nor *Storey,* however, supports plaintiffs' posi-
tion because each of those cases involved an actual
subsequent promise (albeit to a third person) to assume
and pay a specific original indebtedness. In the instant case
there is no such promise; there is only an acceptance of
property subject to any valid outstanding encumbrance.

In any event RCW 4.16.280 requires that, in order to
take a case out of the operation of the statute of limita-
tions, the acknowledgment or promise must be in writing
and must be signed by the party to be charged. Here,
Norma did not sign the decree. The statutory need for a
signed writing also disposes of plaintiffs' contention that
they should have been permitted to prove the oral under-
standing between Stanton and Norma upon which the
property division in the decree was apparently predicated.

4

Judgment affirmed.

PETRIE, C.J., and PEARSON, J., concur.