[No. 81005-2. En Banc.]
Argued March 11, 2008. Decided June 5, 2008.

TCAP Corporation et al., *Respondents*, v. George Gervin et al., *Appellants*.

*Michael B. Gillett* (of *The Gillett Law Firm*), for appellants.

*Christopher E. Allen* (of *Morton McGoldrick, PS*) and *Joanne Henry* (of *Sloan Bobrick & Kesling*), for respondents.

*Robert G. Sieh* and *Catherine Wright Smith* on behalf of 401 Group, amicus curiae.

¶1 SANDERS, J. — In 2006 and 2007 TCAP Corporation, f/k/a Transamerican Capital Corporation (TCAP), the plaintiff-creditor, sought and was granted two different writs of execution in an attempt to collect an outstanding judgment entered against George Gervin, the defendant-debtor. These writs ordered the sheriff to seize and sell Gervin's entire limited partnership interest in the 401 Group in an execution sale. This case requires us to determine whether the registered foreign judgment was enforceable even though the Texas judgment upon which it was based had expired.

¶2 We hold a registered foreign judgment in Washington expires, and therefore becomes unenforceable, under RCW 6.17.020(7)[1] when the underlying foreign judgment expires. Accordingly, we hold the writs of execution were issued on an expired judgment and are therefore invalid. We reverse the trial court and quash the outstanding writs of execution.[2]

## FACTS AND PROCEDURAL HISTORY

¶3 This case involves a procedural history so extensive even the barristers of *Bleak House* would blush.[3] This case begins 24 years ago when the defendant-debtor, George Gervin, signed a $250,000 promissory note for the benefit of Summit Savings Association in exchange for promised

---

[1]

Except as ordered in RCW 4.16.020(2) or (3), chapter 9.94A RCW, or chapter 13.40 RCW, no judgment is enforceable for a period exceeding twenty years from the date of entry in the originating court. Nothing in this section may be interpreted to extend the expiration date of a foreign judgment beyond the expiration date under the laws of the jurisdiction where the judgment originated.

RCW 6.17.020(7).

[2] As this resolves the issue before us, we decline to consider whether a judgment lifetime can be equitably tolled or whether a limited partnership interest is subject to seizure and a sheriff's sale. *See Hayden v. Mut. of Enumclaw Ins. Co.,* 141 Wn.2d 55, 68, 1 P.3d 1167 (2000) (quoting *State v. Peterson,* 133 Wn.2d 885, 894, 948 P.2d 381 (1997) (Talmadge, J., concurring) (quoting *Manning v. Upjohn Co.,* 862 F.2d 545, 547 (5th Cir. 1989))).

[3] CHARLES DICKENS, BLEAK HOUSE (Oxford Univ. Press 1987) (1853).

securities from the bank's president. Gervin never received the securities, however, and the bank's president was successfully prosecuted for this fraud. Notwithstanding this fraud Gervin remained responsible for repayment of the loans. This outstanding debt was reduced to judgment in Collin County, Texas, on February 27, 1989. The intervening 19 years have been marked by extensive litigation in Texas and Washington at the state and federal levels.

¶4 Plaintiff-creditor TCAP[4] registered the foreign judgment in the Pierce County Superior Court clerk's office on October 17, 1996 as required by RCW 6.36.025.[5] That year the Pierce County Superior Court entered an "Order Charging Partnership Interest." Clerk's Papers (CP) at 4-5. This order stated, "the managing partner of 401 Group . . . shall pay all of defendant George Gervin's share of the distributions of income and all other amounts coming due to defendant George Gervin, to the plaintiff . . . ."[6] CP at 5. This charging order remained in effect throughout the events of this case but failed to produce income sufficient to satisfy the outstanding judgment.

¶5 In 1997 Gervin filed for relief under chapters 7 and 13 of the United States Bankruptcy Code. In 1998 the bankruptcy court entered an order determining Gervin's outstanding IRS (Internal Revenue Service) liens had priority over the TCAP judgment, and both the IRS liens and the TCAP judgment survived the bankruptcy action. In 2000

---

[4] TCAP was the holder of the judgment when it was filed in Washington, but the judgment has been assigned several times. The current successor in interest is Cadles of Grassy Meadows II, LLC. For simplicity, we refer to the plaintiff in this case as TCAP.

[5]
A copy of any foreign judgment authenticated in accordance with the act of congress or the statutes of this state may be filed in the office of the clerk of any superior court of any county of this state. The clerk shall treat the foreign judgment in the same manner as a judgment of the superior court of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses, set-offs, counterclaims, cross-complaints, and proceedings for reopening, vacating, staying, or extending as a judgment of a superior court of this state and may be enforced, extended, or satisfied in like manner.

RCW 6.36.025(1).

[6] George Gervin is a limited partner in the 401 Group.

the IRS filed a motion requesting disbursement of the funds accumulated by the partnership. The motion was granted and the funds disbursed. This satisfied the IRS liens, leaving the registered foreign judgment as the only outstanding judgment.

¶6 In 2001 the Texas judgment against Gervin, which served as the basis of the registered foreign judgment, expired and could not be revived. Although this fact determines the issue before us, the parties continued litigating attempts to execute on the debt.

¶7 In 2004, three years after the Texas judgment expired, Gervin's wife filed an adversary complaint in federal bankruptcy court for the Western District of Texas. The bankruptcy court enjoined TCAP from executing against Gervin's interest in the 401 Group on several occasions for periods of months over the next several years.

¶8 Also in 2004 the Pierce County Superior Court entered an "Order Directing Sale of Partnership Interest" on TCAP's motion. This order directed the issuance of a "Writ of Execution" to the Pierce County Sheriff's Department to sell Gervin's interest in the 401 Group.

¶9 In 2006, two years after the Pierce County order and five years after the underlying judgment expired, TCAP filed a writ of execution ordering the Pierce County Sheriff's Department to execute on Gervin's entire limited partnership interest in the 401 Group. The day before the execution sale a federal judge in Texas enjoined the sale for 45 days. The registered foreign judgment celebrated its 10-year anniversary during this stay.[7]

¶10 Gervin filed a motion to quash the writ of execution, claiming the writ purported to sell an interest that could not be executed upon, and the 10-year Washington judgment lifetime expired. Pierce County Superior Court denied

---

[7] Washington judgments are enforceable for only 10 years from the date of entry. RCW 6.17.020(1) ("[T]he party in whose favor a judgment of a court has been or may be filed or rendered . . . may have an execution, garnishment, or other legal process issued for the collection or enforcement of the judgment at any time within ten years from entry of the judgment or the filing of the judgment in this state.").

this motion, holding the writ complied with the provisions of the Washington Limited Partnership Act, chapter 25.10 RCW, and the judgment lifetime could be equitably tolled under *Hensen v. Peter,* 95 Wash. 628, 164 P. 512 (1917). That same day Gervin filed his notice of appeal, challenging the denial of the motion to quash the writ of execution, and moved the Court of Appeals to stay execution until the appeal was resolved.

¶11 Over the next several months state and federal courts enjoined TCAP from enforcing the writ against Gervin. The injunctions were not continuous, however, leaving periods of time during which TCAP could attempt to enforce the writ. Eventually, the writ was returned unfulfilled, but the trial court issued a new writ of execution. Gervin moved to quash that writ on the same grounds as the previous writ. The trial court denied Gervin's motion again and Gervin appealed.

¶12 The Court of Appeals consolidated Gervin's appeals. Pursuant to RAP 4.4[8] the case was transferred from the Court of Appeals before determination, and we directly review the trial court decision.

## STANDARD OF REVIEW

¶13 Statutory construction is a question of law and is reviewed de novo. *Qwest Corp. v. City of Bellevue,* 161 Wn.2d 353, 358, 166 P.3d 667 (2007).

## ANALYSIS

¶14 Judgments and their enforcement are governed by statute in Washington. *See Hutton v. State,* 25 Wn.2d 402, 407, 171 P.2d 248 (1946). Under the Uniform Enforcement of Foreign Judgments Act, chapter 6.36 RCW,

---

[8] "The Supreme Court, to promote the orderly administration of justice may, on its own initiative, upon certification by the Court of Appeals, or on motion of a party, transfer a case from the Court of Appeals to the Supreme Court . . . ." RAP 4.4.

creditors holding a judgment against a debtor from another jurisdiction can enforce that judgment in Washington. RCW 6.36.025. Once the foreign judgment is filed with the clerk's office of a superior court, or alternatively a district court, in this state, it becomes a registered foreign judgment. RCW 6.36.010(2), .025(1), (2). A registered foreign judgment "has the same effect and is subject to the same procedures . . . and proceedings for reopening, vacating, staying, or extending as a judgment of a superior court of this state and may be enforced, extended, or satisfied in like manner." RCW 6.36.025(1).

¶15 However, this is limited by RCW 6.17.020(7), which provides the lifetime of a registered foreign judgment cannot extend beyond the lifetime of the underlying judgment.

> Except as ordered in RCW 4.16.020(2) or (3), chapter 9.94A RCW, or chapter 13.40 RCW, no judgment is enforceable for a period exceeding twenty years from the date of entry in the originating court. Nothing in this section may be interpreted to extend the expiration date of a foreign judgment beyond the expiration date under the laws of the jurisdiction where the judgment originated.

RCW 6.17.020(7); *see also* RCW 6.36.035(3)(c) ("Nothing in this section may be interpreted to extend the expiration date of a foreign judgment beyond the expiration date under the laws of the jurisdiction where the judgment originated.").

¶16 Since the language of RCW 6.17.020(7) is unambiguous, we look no further than its plain meaning to determine the effect of the statute.[9] A plain reading of the statute indicates the expiration date of the judgment in Washington cannot extend beyond the expiration date of the judgment in Texas. Therefore the registered foreign judgment in Washington cannot outlast the Texas judgment. RCW 6.36.010.

---

[9] *Human Rights Comm'n v. Cheney Sch. Dist. No. 30*, 97 Wn.2d 118, 121, 641 P.2d 163 (1982) ("Where statutory language is plain and unambiguous, a statute's meaning must be derived from the wording of the statute itself.").

¶17 TCAP argues a registered foreign judgment "stands alone as an independent judgment" and is not affected by RCW 6.17.020(7). Br. of Resp't Cadles of Grassy Meadows II, LLC, Assignee of TCAP Corp., at 32 (Wash. Ct. App. 35567-1-II (2007)). In support TCAP cites two Washington cases[10] and several others from foreign jurisdictions. We find none of these cases persuasive.

¶18 The Washington cases cited by TCAP were decided before the legislature limited the duration of the registered foreign judgment through RCW 6.17.020(7) and cannot inform our understanding of the statute. Similarly the cases from foreign jurisdictions do not apply a provision similar to RCW 6.17.020(7). As these cases do not relate to RCW 6.17.020(7), they are unpersuasive.

¶19 Because the lifetime of a registered foreign judgment cannot extend past the lifetime of the underlying judgment, we must determine when the lifetime of the underlying judgment expired.

¶20 The Texas judgment underlying the registered foreign judgment expired in 2001, 12 years after it was originally entered. In Texas a creditor must file a writ of execution within 10 years or the judgment becomes dormant and is not subject to execution unless revived. TEXAS CIV. PRAC. & REM. CODE ANN. § 34.001(a). "A dormant [Texas] judgment may be revived by scire facias . . . brought not later than the second anniversary of the date that the judgment becomes dormant."[11] Id. § 31.006. Under Texas law the Texas judgment would become dormant on February 27, 1999 and would expire on February 27, 2001, barring some action by the creditor.

---

[10] *Wellington v. Wellington,* 19 Wn. App. 328, 575 P.2d 1088 (1978) (holding that the six year judgment lifetime begins to run in Washington from the date of entry of the foreign judgment); *Idaho Dep't of Health & Welfare v. Holjeson,* 42 Wn. App. 69, 708 P.2d 661 (1985).

[11] "Scire facias" is "[a] writ requiring the person against whom it is issued to appear and show cause why some matter of record should not be annulled or vacated, or why a dormant judgment against that person should not be revived." BLACK'S LAW DICTIONARY 1373 (8th ed. 2004).

¶21 At oral argument TCAP conceded the Texas judgment became dormant and expired. Because the record contains no record of any attempt by TCAP to revive the judgment,[12] we accept this concession. Since the judgment was not revived, the Texas judgment expired on February 27, 2001.

¶22 Although the Texas judgment expired before the enactment of RCW 6.17.020(7), the statute by its terms applied to the registered foreign judgment, which was in force when the statute became effective. RCW 6.17.020(8) ("The chapter 261, Laws of 2002 amendments to this section apply to all judgments currently in effect on June 13, 2002 . . . .").[13] Because the law went into effect in 2002, the registered foreign judgment expired well before the 2006 and 2007 writs issued.[14] Since the judgments had become unenforceable, the writs of execution were improperly issued and must be quashed.

¶23 We hold RCW 6.17.020(7) prohibits a registered foreign judgment from extending beyond the lifetime of the original judgment. Therefore, a registered foreign judgment expires concomitantly with the expiration of the underlying judgment, if not before the underlying judgment. Since the Texas judgment, and therefore the registered foreign judgment, expired years before the first writ of execution was filed, the writs of execution here were based on an expired judgment. Time has expired on regulation play, and there is

---

[12] To the contrary, Gervin has asserted at several points in the record that the Texas judgment expired without an effort to extend it.

[13] RCW 6.17.020(7) is effective whether it acts prospectively or retrospectively. "[I]f the legislature intends that a statute apply retroactively, it will be applied retroactively unless it impairs a constitutional or vested right." *Ballard Square Condo. Owners Ass'n v. Dynasty Constr. Co.,* 158 Wn.2d 603, 617, 146 P.3d 914 (2006). A right "that exists only by virtue of a statute is not a vested right, and it can be retroactively abolished by the legislature." *Id.* A judgment is neither a constitutional nor a vested right because it is a "creature of statute" and "terminates when the statute says it does." *In re Marriage of Wintermute,* 70 Wn. App. 741, 743, 855 P.2d 1186 (1993).

[14] We decline to consider whether the registered foreign judgment at issue here expired when the Texas judgment expired or when the statute was enacted, as in either event the writs were issued on an expired judgment.

no overtime. Accordingly, we reverse the trial court and quash the outstanding writs of execution. Game over.

ALEXANDER, C.J., and C. JOHNSON, MADSEN, CHAMBERS, OWENS, FAIRHURST, J.M. JOHNSON, and STEPHENS, JJ., concur.