# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In re the Paternity of: M.H., | ) No. 72527-1-I |
| | ) |
| STEPHANIE BELL, | ) |
| | ) |
| Respondent, | ) |
| | ) DIVISION ONE |
| v. | ) |
| | ) |
| JUAN SIDRAN HEFLIN, | ) UNPUBLISHED OPINION |
| | ) |
| Appellant. | ) FILED: September 28, 2015 |
| | ) |

SPEARMAN, C.J. — In 2010 Stephanie Bell registered a 1994 Indiana child support order in Washington under the provisions of the Uniform Interstate Family Support Act (UIFSA) for enforcement against Juan Heflin. In 2014, the trial court granted Bell's request for a wage withholding order. But under Washington remedial statutes, the court's authority to enforce the child support order ended when the couple's child turned 28 in 2013. Accordingly, we reverse the wage withholding order.

## FACTS

Juan Heflin and Stephanie Bell are the parents of M.H., who was born on May 13, 1985 in Seattle. In 1994, while living in Indiana, Bell filed a paternity action in Vigo County. Bell also sought an order for child support.

On March 23, 1994, the Vigo County Circuit Court, Juvenile Division, entered an order establishing paternity and setting Heflin's child support payments. On March 23, 2006, M.H. turned twenty one.

On September 9, 2010, Bell registered the Indiana child support order for enforcement in King County Superior Court under UIFSA, Chapter 26.21A RCW. Heflin moved to dismiss the petition. On October 28, 2010, the superior court commissioner denied the motion to dismiss and confirmed the Indiana child support obligation through M.H.'s eighteenth birthday. The court reserved a decision on the amount of the obligation and directed the parties to provide additional information.

Bell moved to revise. On November 30, 2010, the superior court granted revision, concluding that Heflin's obligation to pay child support under the Indiana support order continued until M.H. turned twenty one. On February 24, 2011, the court entered an order confirming Heflin's accrued obligation under the Indiana support order for $110,709.23, including interest.

On August 8, 2014, Bell moved for a wage withholding order under RCW 26.18.070. Bell asserted that under the UIFSA, Indiana law controlled both the duration of Heflin's accrued child support obligation and "the collection and enforceability of the child support obligation."[1]

Heflin maintained that under RCW 4.56.210(2) and RCW 6.17.020(2), the trial court's authority to enforce a child support order ends ten years after the child's eighteenth birthday. Heflin argued that because M.H. turned twenty eight on May 13, 2013, the court order confirming his accrued child support obligation could no longer be enforced.

---

[1] Clerk's Papers (CP) at 20.

On August 28, 2014, following a hearing, the trial court rejected Heflin's arguments and entered a wage withholding order. The court determined that as a matter of law, the Indiana child support order was "not subject to the same limitations" as a Washington child support order and was therefore "fully enforceable in Washington."[2]

Heflin appeals.

## DECISION

The issues on appeal are statutory. Statutory construction is a question of law that we review de novo. TCAP Corp. v. Gervin, 163 Wn.2d 645, 650, 185 P.3d 589 (2008).

Relying primarily on RCW 4.56.210(2), Heflin contends that the trial court lacked authority to enter the wage withholding order. RCW 4.56.210(2) states:

> An underlying judgment or judgment lien entered after the effective date of this act [July 23, 1989] for accrued child support shall continue in force for ten years after the eighteenth birthday of the youngest child named in the order for whom support is ordered. All judgments entered after the effective date of this act shall contain the birth date of the youngest child for whom support is ordered.

RCW 6.17.020(2) establishes a similar limitation:

> After July 23, 1989, a party who obtains a judgment or order of a court or an administrative order entered as defined in RCW 74.20A.020(6) for accrued child support, or the assignee or the current holder thereof, may have an execution, garnishment, or other legal process issued upon that judgment or order at any time within ten years of the eighteenth birthday of the youngest child named in the order for whom support is ordered.

---

[2] CP at 66.

See generally American Discount v. Shepherd, 129 Wn. App. 345, 351-52, 120 P.3d 96 (2005) ("RCW 4.56.210 is a nonclaim statute, not a statute of limitation"), aff'd, 160 Wn.2d 93, 156 P.3d 858 (2007).

Under both RCW 4.56.210 and RCW 6.17.020(2), a party may seek enforcement of a child support order only until the child turns twenty eight. Because M.H. turned twenty eight in 2013, Heflin argues that any underlying judgment or child support order has expired and that the 2014 wage withholding order is therefore invalid.

Bell does not dispute that under Washington law, the period to enforce a judgment or court order for accrued child support expires once the child turns 28. Rather, she contends that under UIFSA, Indiana law governs how long she can enforce the registered child support order in Washington. She maintains that the wage withholding order was valid because the child support order obligation remains enforceable in Indiana. Bell cites no relevant authority to support this proposition.

UIFSA was designed "to facilitate registration and enforcement of decrees in non-issuing states." In re Marriage of Owen & Phillips, 126 Wn. App. 487, 504, 108 P.3d 824 (2005). Under UIFSA, a party can register a foreign child support order for enforcement in Washington. RCW 26.21A.500.[3] If the party contesting registration does not establish one of the specified statutory defenses to registration, the court "shall issue an order confirming the order." RCW 26.21A.530(3). Once registered, the

---

[3] The 2015 amendments to Chapter 26.21A RCW, which became effective July 1, 2015, do not affect the issue raised on appeal. We therefore cite to the current statutory provisions.

Indiana support order "is enforceable in the same manner and is subject to the same procedures as an order issued by a tribunal of this state." RCW 26.21A.510(2).

Bell contends that under UIFSA, Washington courts must enforce a registered child support for as long as it is enforceable in the issuing state. But her reliance on RCW 26.21A.515, UIFSA's choice of law provisions, is misplaced.

> RCW 26.21A.515 provides in pertinent part:
> (1) Except as otherwise provided in subsection (4) of this section, the law of the issuing state governs:
> (a) The nature, extent, amount, and duration of current payments under a registered support order;
> (b) The computation and payment of arrearages and accrual of interest on the arrearages under the registered support order; and
> (c) The existence and satisfaction of other obligations under the registered support order.
> (2) In a proceeding for arrears under a registered support order, the statute of limitation of this state or of the issuing state, whichever is longer, applies.
> (3) A responding tribunal of this state shall apply the procedures and remedies of this state to enforce current support and collect arrears and interest due on a support order of another state registered in this state.

Under RCW 26.21A.515(1)(a) and (b), Indiana law governs the nature, extent, amount, and duration of current payments, as well as computation of the amount of arrearages, the accrual of interest, and the satisfaction of other obligations.

But contrary to Bell's apparent belief, the law of the issuing state does not govern how long a child support order can be enforced in the registering state. Rather, Indiana law governs only the duration "of current payments under a registered support order." RCW 26.21A.515(1)(a). (Emphasis added). Heflin's child support obligation ended in 2006, when M.H. turned twenty one. The issue on appeal

is therefore not the duration of current payments, but the trial court's authority to enforce the order for arrearages.

Bell fails to address RCW 26.21A.515(3), which provides that the "responding tribunal of this state shall apply the procedures and remedies of this state" when enforcing and collecting arrearages. (Emphasis added). Consequently, under UIFSA, Washington law governs Bell's attempt to enforce the registered child support order. See RCW 26.21A.515(3); see also RCW 26.21A.505(3) (party seeking registration of child support order may include pleading "seeking a remedy that must be affirmatively sought under other law of this state . . . ."); RCW 26.21A.530(1)(e) (party contesting validity or enforcement of a registered order bears the burden of proving "a defense under the law of this state to the remedy sought").

Under Washington's remedial law, including RCW 4.56.210(2) and RCW 6.17.020(2), the trial court's authority to enforce a child support order expires on the child's twenty eighth birthday. Bell has not identified any applicable statute or Washington decisional law providing for an extended enforcement period. Because M.H.'s twenty eighth birthday had passed, the trial court erred in entering the 2014 wage withholding order.

Bell's reliance on TCAP Corp. v. Gervin is misplaced. In TCAP Corp. our Supreme Court held that "a registered foreign judgment in Washington expires, and therefore becomes unenforceable, under RCW 6.17.020(7) when the underlying foreign judgment expires." TCAP Corp., 163 Wn.2d at 647 (footnote omitted). Bell

claims that under TCAP Corp., the Indiana child support order is "fully enforceable"[4] in Washington because it has not yet expired in Indiana.

But the court in TCAP Corp. merely held that under the unambiguous language of RCW 6.17.020(7), the expiration date of the registered foreign judgment "cannot extend beyond the expiration date of the judgment in Texas." TCAP Corp., 163 Wn.2d at 651. In summarizing its decision, the court also indicated that Washington law, not Texas law, controlled the ultimate expiration date of the registered foreign judgment:

> We hold RCW 6.17.020(7) prohibits a registered foreign judgment from extending beyond the lifetime of the original judgment. Therefore, a registered foreign judgment expires concomitantly with the expiration of the underlying judgment, if not before the underlying judgment.

TCAP Corp., 163 Wn.2d at 653. TCAP Corp. provides no support for Bell's broad assertion that a child support order is enforceable in Washington as long as it remains enforceable in the issuing state.

Bell also appears to suggest that application of Washington's remedial statutes to the Indiana child support order violates the full faith and credit clause of the United States Constitution. Because she provides no meaningful legal argument to support this allegation, we decline to consider it. See Saunders v. Lloyd's of London, 113 Wn.2d 330, 345, 779 P.2d 249 (1989) (appellate court will decline to consider issues unsupported by cogent legal argument and citation to relevant authority).

---

[4] Brief of Appellant at 8.

Heflin contends that the trial court erred in calculating the amount of his outstanding child support obligation. Because Heflin did not make any meaningful attempt to challenge Bell's accounting in the trial court, we decline to consider the issue for the first time on appeal. See In re Marriage of Wallace, 111 Wn. App. 697, 705, 45 P.3d 1131 (2002).

Bell's request for sanctions and attorney fees on appeal is denied. The trial court's wage withholding order is reversed.

Spearman, C.J.

WE CONCUR:

Cox, J.