JOHN J. BRANIGAN *v.* SOL J. COHEN ET AL.
(2720)
(3006)

BORDEN, SPALLONE and DALY, Js.

Argued March 6—decision released April 23, 1985

*Charles W. Bauer,* for the appellants-appellees (defendants).

*J. Michael Sconyers,* with whom was *John A. Cvarch,* for the appellee-appellant (plaintiff).

PER CURIAM. This action stems from the alleged breach of an oral agreement regarding the business relationship between the plaintiff and the defendants. Under the agreement, the plaintiff was to receive, in addition to a salary, one third of the net profits of the construction business in which the parties were engaged. The defendant S.J.C. Corporation, of which the defendant Sol J. Cohen was the sole shareholder, was to hold the plaintiff's share of the profits. Those funds were placed in the general account of the S.J.C. Corporation and no interest was paid on them.

The dispute which led to this appeal arose upon the termination of the plaintiff's business relations with the defendants and specifically concerns the monies which the plaintiff claimed were due him under the oral agreement. After a full hearing before a state trial referee, judgment was rendered for the plaintiff in the amount of $53,565.39 plus statutory interest. On November 17, 1983, the defendants appealed from that judgment. On the following day, the plaintiff moved to open the judgment on the basis that the trial referee had improperly allowed the defendants certain deductions from the monies to which he claimed he was entitled. The parties subsequently stipulated that the judgment should be modified in favor of the plaintiff without prejudice to the right of either party to appeal from the judgment as modified. On January 20, 1984, the trial referee ordered that the judgment be modified in accordance with the stipulation. The plaintiff, on February 3, 1984, appealed from the modified judgment.[1]

In both appeals, the claims of error raised by the parties attack the factual findings of the trial court. We are adamant in requiring that the parties be guided by the well established principle that we rarely disturb such findings, and we do not retry cases on appeal. When the parties challenge the factual basis of the court's decision, our function is restricted to determining whether the facts set forth in the memorandum of decision are supported by the evidence or whether the facts as found are clearly erroneous in light of the evidence and the record as a whole. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980); *Sorenson Transportation Co.* v. *State,* 3 Conn. App. 329, 333, 488 A.2d 458 (1985). In this

___

[1] In filing this appeal, the plaintiff erroneously called it a cross appeal. A cross appeal must be filed within ten days of the filing of the original appeal. Practice Book § 3003. The plaintiff did not cross appeal within that period. He was thus assessed the usual entry and record fees, and his appeal was assigned a court docket number.

case, our examination of the evidence and the record as a whole discloses that the factual findings of the trial court are amply supported by the evidence.

There is no error on either appeal.