ROBERT J. MORANDE *v.* NEWMAN
LINCOLN-MERCURY, INC., ET AL.
(2988)

DUPONT, C. J., HULL and HAMMER, Js.

Argued September 20—decision released October 22, 1985

*David E. Kamins,* for the appellant (plaintiff).

*Louis J. Bromberg,* with whom was *Morton W. Appleton,* for the appellees (defendants).

PER CURIAM. This appeal constitutes no more than another request that we accept, upon conflicting evidence presented by the parties at the trial, the plaintiff's version of the facts. Both the Supreme Court and this court have "repeatedly criticized and attempted, apparently in vain, to discourage this misuse of the appellate process." *Connecticut National Bank* v. *Nagy,* 2 Conn. App. 448, 479 A.2d 1224 (1984); *Munn* v. *Scalera,* 181 Conn. 527, 530, 436 A.2d 18 (1980).

The trial court's memorandum of decision clearly indicates that the factual finding which the plaintiff challenges was based on the court's assessment of his own testimony. Nothing in our law is more elementary than that the trier is the final judge of the credibility of witnesses and of the weight to be accorded their testimony. *Morgan* v. *Hill,* 139 Conn. 159, 161, 90 A.2d 641 (1952). Our function is restricted to determining whether the facts found are supported by the evidence or whether the facts as found are clearly erroneous

in light of the evidence and the record as a whole. *Branigan* v. *Cohen,* 3 Conn. App. 580, 581, 490 A.2d 1019 (1985).

Our review of the record establishes that the challenged facts are supported by the evidence, that they are not clearly erroneous, and that the court's conclusions based on those facts are legally and logically correct. See *Vesce* v. *Lee,* 185 Conn. 328, 335, 441 A.2d 556 (1981).

There is no error.