## MARY GRABARZ *v.* LEONARD H. WALESKI ET AL.
## (3540)

DUPONT, C. J., HULL and BORDEN, Js.

Argued October 1—decision released November 5, 1985

*Randy L. Cohen,* for the appellant (named defendant).

*Alan J. Tyma,* for the appellee (plaintiff).

PER CURIAM. The defendant[1] appeals from the judgment of the trial court establishing the plaintiff's title to a one-seventh interest in certain real property. The trial court found that title was conveyed to the plaintiff by means of an instrument dated June 27, 1976. The instrument lacked the acknowledgment required by General Statutes § 47-5. The court found, however, that this defect was remedied by a curative act. See Spec. Acts 1983, No. 83-7, § 12. The defendant claims that the trial court erred in finding that the defective instrument was validated by the curative act. We find no error.

The defendant's argument rests upon the fact that the June, 1976 instrument, "giving" the plaintiff her interest in the real estate in question, was recorded on the same date as another document dated August, 1979, purporting to "leave" to the plaintiff the same property. At oral argument, the defendant's counsel

---

[1] Leonard H. Waleski was sued individually and as administrator of the estate of Cecilia N. Waleski. The word defendant is used in this opinion to refer to him in both capacities.

conceded that had the later document not been recorded, there would be no basis for an appeal. The defendant contends that these documents, read together, raise an issue of the donor's intent, and that they evidence the donor's desire to devise property to the plaintiff. Therefore, the defendant claims, the curative act does not apply.

The recording date of the instruments has no logical relation to the donor's intent. The documents were not recorded by the donor, having been recorded after her death. The trial court's finding that the donor intended to convey real property was not clearly erroneous. *Spatola* v. *Spatola,* 4 Conn. App. 79, 82, 492 A.2d 518 (1985); *Branigan* v. *Cohen,* 3 Conn. App. 580, 581, 490 A.2d 1019 (1985).

There is no error.