COLONIAL BANK OF WATERBURY, ADMINISTRATOR (ESTATE OF ANN R. CARLSON) *v.*
GEORGE L. FORISH, JR., ET AL.
(3132)

DUPONT, C. J., BORDEN and BIELUCH, Js.

Argued January 8—decision released February 25, 1986

*Gary L. Broder,* for the appellant (plaintiff).

*Jeremiah M. Keefe,* with whom, on the brief, was *James E. Kernan,* for the appellees (defendants).

PER CURIAM. This is an appeal by the plaintiff from a judgment rendered by a state trial referee, *Hon. Robert A. Wall,* acting as the trial court. The plaintiff is the administrator c.t.a. of the estate of Ann R. Carlson, who was the sister of George L. Forish, Jr., the individual defendant in this case. Forish, along with his wife, controlled Central Manufacturing Company, Inc., a corporation named as codefendant in this case. The plaintiff sought recovery on a promissory note in the principal amount of $15,000.

The court found that the note was executed by the corporate defendant, and that the proceeds of the note had been used for corporate purposes. It also found that, prior to her death, Carlson had agreed with Forish that the balance due on the note was $2700.

Judgment was rendered for the plaintiff against the corporate defendant in this amount, with interest from the date of Carlson's death and attorney's fees, for a total award of $5336, plus costs. Judgment was also rendered in favor of the individual defendant.

The plaintiff claims that the trial court erred (1) in determining that the decedent had agreed that the balance due on the note was $2700, (2) in rendering judgment for the plaintiff for $5336, plus costs, rather than

a greater amount, and (3) in denying the plaintiff's motion for further rectification of the record by articulation.

The plaintiff's first and second claims of error challenge the factual determinations of the trial court and therefore warrant a summary disposition. "The scope of review of a trial court's factual decision on appeal is limited to a determination of whether it is clearly erroneous in view of the evidence and pleadings. See Practice Book § 3060D." *Belle Camperland, Inc.* v. *Commissioner,* 5 Conn. App. 678, 679, 501 A.2d 1226 (1985). The trial court was presented with conflicting evidence, including the testimony of several witnesses. It is well established that the trial court is in the best position to determine the credibility of witnesses and the weight to be accorded their testimony. *Morande* v. *Newman Lincoln-Mercury, Inc.,* 5 Conn. App. 423, 499 A.2d 78 (1985). A careful review of the record in this case clearly indicates that the trial court's findings are supported by the evidence, that they are not clearly erroneous and that its conclusions based on those findings are legally and logically correct. Id., 424.

The plaintiff's final claim of error concerns the trial court's refusal further to articulate its decision after the court had previously articulated its decision in response to an earlier motion by the plaintiff. This claim is not considered because of the plaintiff's failure to seek review by this court pursuant to Practice Book § 3108. See *Emerick* v. *Emerick,* 5 Conn. App. 649, 650 n.1, 502 A.2d 933 (1985).

There is no error.