**SCHIAVONE CONSTRUCTION CO.,**
**Daidone Electric of New York, Inc.,**
**a Joint Venture, Plaintiff–Appellant,**

v.

**CITY OF NEW YORK, Red Hook Water Pollution Control Plant, Defendant–Appellee.**

No. 48, Docket 95–9285.

United States Court of Appeals, Second Circuit.

Argued Aug. 29, 1996.

Decided Nov. 7, 1996.

Vincent J. Torna, New York City (K. Richard Marcus, McDonough Marcus Cohn & Tretter, New York City, of counsel), for Appellant.

George Gutwirth, Office of the Corporation Counsel, City of New York, New York City

(Paul A. Crotty, Corporation Counsel of the City of New York, Francis F. Caputo, Office of the Corporation Counsel of the City of New York, New York City, of counsel), for Appellee.

Before: MESKILL and KEARSE, Circuit Judges.*

MESKILL, Circuit Judge:

In this appeal we must decide whether a company's legitimate assignment of its interest in a joint venture construction project eliminates that company's citizenship from consideration in determining whether diversity jurisdiction exists in a later suit by the joint venture for sums allegedly owed for work on the project.

Schiavone Construction Co., Daidone Electric of New York, Inc., a Joint Venture appeals the dismissal of its action on a construction contract against the City of New York, Red Hook Water Pollution Control Plant (City of New York), for lack of federal jurisdiction. Schiavone contends that diversity of citizenship jurisdiction exists because the non-diverse New York company, Daidone, had earlier assigned its interest in the joint venture to Schiavone, a New Jersey citizen.

We conclude that while the assignment caused the joint venture to dissolve for purposes of doing new business, the joint venture continues to exist until its affairs have been wound up. Because the joint venture continues to exist, each joint venturer will continue to be a member of the joint venture until the winding up of the joint venture has been completed. Therefore, because Daidone, a New York company, is a citizen of the State of New York, the joint venture is also a citizen of the State of New York for diversity purposes and diversity of citizenship jurisdiction does not exist. Accordingly, the district court's order dismissing this suit for lack of diversity jurisdiction is affirmed.

---

* The Honorable J. Daniel Mahoney, who was a member of the panel, died on October 23, 1996, and the appeal is being decided by the remaining two members of the panel, who are in agreement. *See* Local Rule § 0.14(b).

## BACKGROUND

Schiavone Construction Co. (Schiavone), a New Jersey company with its principal place of business in New Jersey, and Daidone Electric of New York, Inc. (Daidone), a New York company with its principal place of business in New Jersey, formed a joint venture in 1983 to perform construction work for the City of New York. They completed the construction in 1989.

In 1992, for reasons not relevant here, a legal dispute arose between Schiavone and Daidone. The two eventually entered into a settlement agreement, which states in pertinent part: "Daidone ... hereby transfer[s] and assign[s] to [Schiavone] ... all of the Daidone Joint Venture Interests.... [Schiavone] shall have the exclusive right and authority to wrap up the business and affairs ... of the Joint Venture[ ]." [1]

In 1994 Schiavone caused the joint venture to initiate this suit against the City of New York in federal district court, alleging the city owed the joint venture additional money for the construction work the joint venture performed. Daidone has made no separate appearance in this suit. The United States District Court for the Southern District of New York, Haight, *J.*, dismissed the suit without prejudice, holding that there was not diversity jurisdiction. This appeal followed. We affirm.

## DISCUSSION

### I. *Diversity Jurisdiction*

It is well settled that diversity of citizenship jurisdiction does not exist if any plaintiff is a citizen of the same state as any defendant. 28 U.S.C. § 1332; *Carden v. Arkoma Associates,* 494 U.S. 185, 187, 110 S.Ct. 1015, 1016–17, 108 L.Ed.2d 157 (1990). We must therefore examine the citizenship of the City of New York and the joint venture because the plaintiff bases its claim of federal jurisdiction on diversity of citizenship.

---

1. The district court concluded and we agree that this assignment was for valid business purposes. Therefore, jurisdiction is not destroyed by 28 U.S.C. § 1359 (district courts do not have jurisdiction if an assignment is made collusively).

The City of New York is, not surprisingly, a citizen of the State of New York. *See Moor v. County of Alameda,* 411 U.S. 693, 717, 93 S.Ct. 1785, 1799–1800, 36 L.Ed.2d 596 (1973) ("[A] political subdivision of a State, unless it is simply the arm or alter ego of the State, is a citizen of the State for diversity purposes.") (footnote, internal quotation marks and emphasis omitted). Therefore, if the joint venture is also a citizen of the State of New York, diversity jurisdiction will not exist.

■ For diversity purposes, the citizenship of a joint venture is the citizenship of each of its members. *See Carden,* 494 U.S. at 195–96, 110 S.Ct. at 1021–22. Because Schiavone is incorporated under the laws of New Jersey and has its principal place of business in New Jersey, it is a citizen of New Jersey, *see* 28 U.S.C. § 1332(a) & (c)(1), and its membership in the joint venture does not destroy diversity jurisdiction. However, because Daidone is incorporated in the State of New York, it is a citizen of New York. *See id.* Therefore, if Daidone was a member of the joint venture at the time of suit, diversity jurisdiction was destroyed.

In light of *Carden* we will not apply a "real party to the controversy" test to determine whether Daidone was a member of the joint venture. In *Carden,* the Supreme Court considered the question whether the citizenship of a limited partner should be considered when determining the citizenship of a limited partnership for diversity purposes. *Carden,* 494 U.S. at 192, 110 S.Ct. at 1019–20. One party argued that the limited partners were not "real part[ies] to the controversy" because they had no control over the partnership and that their citizenship should therefore be disregarded. *Id.* The Court refused to use a "real party to the controversy" test to determine the citizenship of unincorporated associations, stating "[w]e adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against [an] entity depends upon the citizenship of 'all the members.'" *Id.* at 193–96, 110 S.Ct. at 1021 (quoting *Chapman v. Barney,* 129 U.S. 677, 682, 9 S.Ct. 426, 427–28, 32 L.Ed. 800 (1889)). Therefore, Daidone's assignment of its interest in the joint venture to Schiavone and lack of interest in this controversy is irrelevant to our inquiry. To determine if diversity jurisdiction existed, we must simply determine whether Daidone was a member of the joint venture at the time of the suit.

## II. *Choice of Law*

■ To determine whether Daidone was still a member of the joint venture, we must look to state law. *Cf. Carden,* 494 U.S. at 192–96, 110 S.Ct. at 1019–22 (relying on state law to determine who were members of an unincorporated association). Because this action was filed in a district court within the State of New York, we will apply New York's substantive law, *see Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), including New York's choice of law rules, *see Klaxon Co. v. Stentor Electric Manufacturing Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941).

In New York, with exceptions not relevant here, a choice of law provision in a contract is valid and enforceable. *Turtur v. Rothschild Registry Intern.,* 26 F.3d 304, 310 (2d Cir. 1994). The joint venture agreement between Schiavone and Daidone states that the agreement is to be governed by New Jersey law, so we will look to New Jersey law to determine whether Daidone was a member of the joint venture at the time of suit.

## III. *Is Daidone a Member of the Joint Venture Under New Jersey Law?*

■ In New Jersey a joint venture is treated exactly like a partnership. *See* N.J.Stat.Ann. § 42:1–6(1) (West 1993) ("[a] partnership is an association of two or more persons to carry on as co-owners a business for profit"); *id.* § 42:1–7(4) ("[t]he receipt by a person of a share of the profits of a business is prima facie evidence that he is a partner in the business" except in certain enumerated situations not relevant here); *Grober v. Kahn,* 219 A.2d 601, 607, 47 N.J. 135, 147 (1966) ("In a general way [a joint venture] is a business venture more limited in its objective than a partnership."); *see also In re Arbitration between Tehran–Berkeley Civil and Environmental Engineers and Tippetts–Abbett–McCarthy–Stratton,* 888 F.2d 239, 243 (2d Cir.1989) (inter-

preting the partnership law of New York, which like New Jersey has adopted the Uniform Partnership Act, and stating that "the legal consequences of a joint venture are equivalent to those of a partnership"). Therefore, we turn to New Jersey partnership law to determine whether Daidone was a member of the joint venture at the time of suit.

In New Jersey, "[t]he dissolution of a partnership is the change in the relation of the partners caused by any partner ceasing to be associated in the carrying on as distinguished from the winding up of the business." N.J.Stat.Ann. § 42:1–29 (West 1993). Because of the assignment of Daidone's interest in the joint venture, Daidone has quite clearly ceased to be associated with the carrying on of the joint venture and the joint venture has been dissolved.

■ However, "[o]n dissolution the partnership is not terminated, but continues until the winding up of partnership affairs is completed." *Id.* § 42:1–30. The New Jersey Supreme Court has stated that "dissolution operates only with respect to future transactions; as to *everything past* the partnership continues until *all* pre-existing matters are terminated." *Scaglione v. St. Paul–Mercury Indemnity Co.,* 145 A.2d 297, 304, 28 N.J. 88, 102 (1958) (emphasis added and internal quotation marks omitted); *see also Wilzig v. Sisselman,* 442 A.2d 1021, 1024, 182 N.J.Super. 519, 525 (1982) ("[D]issolution affects future transactions, but as to all past transactions the partnership continues until they are concluded."); *United Counties Trust Co. v. Podvey,* 389 A.2d 515, 518, 160 N.J.Super. 244, 249 (1978) ("[T]he dissolution of a partnership operates only with respect to future transactions, and the partnership therefore continues as to all present existing matters until they are terminated."). Therefore, even though the Schiavone–Daidone partnership/joint venture has been dissolved, it will continue to exist with respect to *all* pre-existing matters until they have been wound up.

■ Because the partnership continues until its affairs have been wound up, we conclude that individuals who are partners at the time of dissolution remain partners with respect to pre-existing matters until they have been wound up. *See* N.J.Stat.Ann. § 42:1–30 (West 1993); *Scaglione,* 145 A.2d at 304, 28 N.J. at 102. This conclusion, that a partner at the time of dissolution remains a partner with respect to pre-existing matters until the partnership's affairs have been wound up, is bolstered by the numerous provisions of New Jersey's partnership statute that discuss the legal rights and liabilities of "partners" after the partnership has been dissolved. *See, e.g.,* N.J.Stat.Ann. § 42:1–33 (West 1993) ("[e]ffect of dissolution on authority of partners"); *id.* § 42:1–34 ("[r]ight of partner to contribution from copartners after dissolution"); *id.* § 42:1–35 ("[a]fter dissolution a partner can bind the partnership except" in certain situations); *id.* § 42:1–36 ("[e]ffect of dissolution on partner's existing liability"); *id.* § 42:1–37 ("partners ... [have] the right to wind up the partnership affairs").

Because, under New Jersey law, a joint venture is treated like a partnership, if the assignment caused only a dissolution of the joint venture but not a winding up, the joint venture will continue to exist with Daidone as a member, and diversity jurisdiction will not exist. *See Murphy v. Gutfreund,* 624 F.Supp. 444, 449 (S.D.N.Y.1985) (for diversity purposes, partnerships in dissolution are treated the same as "active" partnerships). The critical question is, therefore, has there been a winding up of the joint venture.

Unfortunately, New Jersey's partnership statute does not define "winding up." However, the New Jersey Supreme Court has stated that a partnership "continues until all pre-existing matters are terminated" and that "the winding-up process includes ... the bringing of legal actions." *Scaglione,* 145 A.2d at 304, 28 N.J. at 102.

Here, there is no question that all "pre-existing matters" relating to the joint venture have not been terminated and that the joint venture is still winding up. The very purpose of this suit, brought in the name of the joint venture, is to collect a debt allegedly owed the joint venture for work performed by the joint venture. Therefore, this suit actually seeks to terminate a pre-existing

matter and is in fact a part of the winding-up process. Because the joint venture is still winding up, it continues to exist as to pre-existing matters and Daidone remains a member as to those matters.

Because Daidone is a member of the joint venture, Daidone's New York citizenship is attributed to the joint venture and diversity of citizenship does not exist in the joint venture's suit against the City of New York.[2]

## CONCLUSION

The assignment of Daidone's interest in the joint venture caused a dissolution but not a winding up of the joint venture. Therefore, the joint venture will continue to exist as to this matter until it is concluded. Daidone's New York citizenship is therefore attributed to the joint venture and diversity jurisdiction does not exist in the joint venture's suit against the City of New York.

Accordingly, the district court's order dismissing this suit for a lack of diversity jurisdiction is affirmed.

---

2. On appeal, Schiavone and the City of New York have argued about what effect, if any, "no assignment" provisions contained in their contract and the statutes of the State of New York might have on diversity jurisdiction. Because of our disposition of this appeal, we do not reach these issues.