10-4251-cv
Cote v. Town of St. Albans

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1.  When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th  day of December, two thousand eleven.

PRESENT:
>       JOSÉ A. CABRANES,
>       ROSEMARY S. POOLER,
>       RICHARD C. WESLEY,
>
>               *Circuit Judges.*

---

Janet Cote,

>               *Plaintiff-Appellant*,

>       v.                                                          10-4251-cv

Town of St. Albans,

>               *Defendant-Appellee.*

---

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | Janet Cote, *pro se*, Waterbury, VT. |
| FOR DEFENDANTS-APPELLEES: | David A. Barra, Unsworth & Barra, P.L.C., Essex Junction, VT. |

Appeal from a judgment of the United States District Court for the District of Vermont (William K. Sessions III, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Appellant Janet Cote, proceeding *pro se*, appeals the District Court's judgment dismissing her complaint for lack of subject matter jurisdiction. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In reviewing a district court's dismissal of a complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), we review factual findings for clear error and legal conclusions *de novo*, accepting all material facts alleged in the complaint as true and drawing all reasonable inferences in the plaintiff's favor. *See Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008). Dismissal under Rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate" the case. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

A *pro se* litigant should generally be granted leave to amend her complaint at least once, "when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Shomo v. City of N.Y.*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks omitted), though a district court need not grant leave to amend where an amendment would be "futile," *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Having conducted an independent review of the record in light of these principles, we affirm the District Court's judgment for substantially the same reasons stated in its well-reasoned decision of June 21, 2010. *Cote v. St. Albans*, No. 09-cv-5024 (D. Vt. June 21, 2010).

There was no diversity jurisdiction because Cote is a Vermont resident and St. Albans is a Vermont town. *See Schiavone Constr. Co. v. City of N.Y.*, 99 F.3d 546, 548 (2d Cir. 1996) (holding that New York City was a citizen of the State of New York for purpose of diversity jurisdiction).

There was no federal-question jurisdiction because, as the District Court correctly concluded, Cote failed to allege a federal cause of action. *See Makarova*, 201 F.3d at 113. Though she cited 42 U.S.C. §§ 1983 and 1988, she failed to allege a claim arising under either statute. *See S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 132 (2d Cir. 2010) ("[T]he district court has subject matter jurisdiction unless the purported federal claim is clearly immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." (internal quotation marks omitted)). The gravamen of Cote's complaint is that the Town's zoning board issued her a "false Notice of Violations." Though Cote evidently believes she was treated unfairly by the Town and differently from other tax payers, she has neither alleged membership in a protected class nor

2

any facts sufficient to support a "class of one" equal protection claim. *See Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006).  The District Court properly allowed Cote the opportunity to amend her complaint, *see Shomo*, 579 F.3d at 183, but she declined to do so in a timely manner.

We have considered all of Cote's arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3